EDGAR BROMBERGER, as Receiver of All the Assets, Effects and Property of the ARTIFICIAL ICE COMPANY, Appellant, *v.* KNICKERBOCKER ICE COMPANY, Respondent.

First Department, July 6, 1926.

Mortgages — foreclosure — corporation mortgage covering real property and personal property was foreclosed — judgment of foreclosure, terms of sale and referee's deed described real property only — personal property did not pass to defendant, purchaser — acceptance of deed of real property only, estopped defendant from contending that personal property was included in sale.

The personal property belonging to a corporation mortgagor does not pass, on a foreclosure sale under a mortgage, which mortgage covers both personal and real property, where the judgment of foreclosure, the terms of sale and the referee's deed describe the real property only. The purchaser, having accepted, without objection, the referee's deed which conveyed the real property only, cannot claim that the personal property was included in the sale, notwithstanding a statement by the auctioneer that such was the fact.

APPEAL by the plaintiff, Edgar Bromberger, as receiver, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of July, 1925, upon the verdict of a jury.

*Harry Lesser* of counsel [*William M. Stockbridge* with him on the brief; *Lesser & Lesser*, attorneys], for the appellant.

*George W. Van Slyck* of counsel [*Theodore J. Miller* with him on the brief; *Frank R. Savidge*, attorney], for the respondent.

FINCH, J. The Artificial Ice Company owned in fee certain premises, consisting of land and an ice plant located thereon. On September 1, 1910, it executed a mortgage in the sum of $75,000 covering said premises, " * * * *together* with all fixtures, articles and personal property of every description attached to, or used in connection with said premises, all of which are declared to be covered by this mortgage, and also together with appurtenances, and all the estate and rights of the said party of the first part, in and to said premises."

An action was subsequently brought for the foreclosure of the aforesaid mortgage. A judgment of foreclosure was entered, which provided that the plaintiff have the usual judgment of foreclosure and sale of the mortgaged premises. In said judgment the mortgaged premises were described solely as realty limited by given metes and bounds. No reference was made to any personal property. Thereafter, in accordance with said judgment, a sale at public auction was held, at which the defendant appeared, by its president, and bid in the property for the sum of $131,000. Subsequently the defendant received a referee's deed of this same realty described by metes and bounds and went into possession. The premises in question consisted of lands and buildings, in which were contained machinery, fixtures, appliances, tools, etc., used for making artificial ice. Neither the terms of sale nor the referee's deed referred to any personal property, but merely described the real property by metes and bounds. Shortly after taking possession, the defendant proceeded to dismantle the machinery, sent some of it to the junk heap, sold some of it and used other parts for repairs in this and other plants belonging to the defendant. This plaintiff, as temporary receiver of the Artificial Ice Company, brought this action on behalf of creditors of said company for the alleged conversion of the aforesaid machinery and equipment. Although the action was not commenced until some two years after the sale, there is testimony on behalf of the plaintiff that as soon as the defendant took possession of the premises the secretary of the Artificial Ice Company presented to the defendant a list of property claimed to be personal property, and notified the defendant that this property was not sold and did not pass to the defendant. This list the defendant admits having received. The defendant, on its part, testified that at the auction, after the terms of sale

were read, the president of the defendant in the presence of the secretary of the Artificial Ice Company asked the auctioneer whether the property being sold included all the property in the ice plant, and that he received from the auctioneer assurance that the entire ice plant, as well as the land, was the property to be bid on.

It appears beyond dispute that certain of the property which came into the possession of the defendant was personal property. The plaintiff, therefore, was entitled absolutely to a recovery of an amount measured by the value of such property. The defendant contends that the plaintiff is estopped by the alleged representation of the auctioneer made in the presence of the secretary of the Artificial Ice Company, that the plant and its contents were being sold. This contention is met by the fact that the defendant accepted without objection a deed from the referee conveying the realty only and not the personal property. It is undisputed that the defendant did not ask for or obtain a bill of sale of the chattels sold at the auction, although it formally received said deed conveying only the realty. As already noted, there is ample evidence in this record to show that the defendant had due notice that there was involved what was clearly personal property as distinguished from the realty.

It thus appears that the issues at the trial were what was realty and passed with said deed, as distinguished from personal property, and the value of the latter.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Clarke, P. J., Dowling, McAvoy and Martin, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.